IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| QUINT L. EVANS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 121-156 |
| | ) | |
| RICHARD ROUNDTREE, Sheriff; | ) | |
| CHARLES SAMUELS, Warden; and, | ) | |
| CHARLES B. WEBSTER DETENTION | ) | |
| CENTER, | ) | |
| | ) | |
| Respondents. | ) | |

---

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

---

Petitioner brings the above-captioned petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Upon review of the petition, the Court **REPORTS** and **RECOMMENDS** the motion for leave to proceed *in forma pauperis* be **DENIED**, (doc. no. 5), the motion to appoint counsel be **DENIED**, (doc. no. 4), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

I.      BACKGROUND

This is Petitioner's fourth habeas petition related to his current detention.  The Court has dismissed his previous three petitions, with the most recent dismissal in June 2020.  See Evans v. Roundtree, CV 120-061, doc. nos. 8, 9 (S.D. Ga. June 19, 2020) (hereinafter "CV 120-061"); Evans v. Roundtree, CV 119-221, doc. nos. 10, 11 (S.D. Ga. Feb. 14, 2020) (hereinafter "CV 119-221"); Evans v. Roundtree, CV 119-091, doc. nos. 11, 12 (S.D. Ga.

Aug. 26, 2019) (hereinafter "CV 119-091").  Because the Court may take judicial notice of another court's records to establish existence of ongoing litigation and related filings, as well as of its own records, the Court quotes liberally from its prior Report and Recommendation in CV 120-061, CV 119-091, and CV 119-221.[1]  See United States v. Jones, 29 F.3d 1549, 1553 (11th Cir. 1994); United States v. Rey, 811 F.2d 1453, 1457 n.5 (11th Cir. 1987).  The Court updates, as necessary, any changes in Petitioner's underlying state proceedings.

According to the instant petition and publicly available records, Petitioner was placed on first offender probation on May 12, 2017, for a charge of cruelty to children in the first degree.  State v. Evans, Case No. 2017RCCR00066 (Richmond Cty. Sup. Ct. May 12, 2017), *available at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quint" last visited November 17, 2021) (hereinafter first offender case, Attach. 1). On August 24, 2018, a warrant issued in the first offender case based on activity which became the basis for a new indictment dated December 4, 2018.  (Attach. 1.)  The new case charged Petitioner with criminal attempt to commit a felony, aggravated assault, false imprisonment, and three charges of child molestation.   State v. Evans, Case No. 2018RCCR01554  (Richmond   Cty.   Sup.   Ct.   Dec.   4,   2018),   *available   at* https://coc.augustaga.gov (follow "Criminal Search" hyperlink; then search "Evans, Quint" last visited November 17, 2021) (hereinafter pending case, Attach. 2); (doc. no. 1, p. 1.)  A petition for modification/revocation of probation was filed in the first offender case on February 6, 2019.  (Attach. 1.)  The pending 2018 criminal case, in which Petitioner is represented by Attorney Daniel Franck, has appeared on the jury trial calendar nineteen

---

[1]CV 120-061, doc. no. 5 (S.D. Ga. May 22, 2020); CV 119-091, doc. no. 8 (S.D. Ga. Aug. 1, 2019); CV 119-221, doc. no. 5 (S.D. Ga. Jan. 7, 2020).

times, most recently scheduled for November 29, 2021.  (Attach. 2.)

Petitioner filed a *pro se* state habeas corpus petition on May 24, 2019 against Sheriff Roundtree and the Webster Detention Center.   Evans v. Roundtree,   Case No. 2019RCHM00015   (Richmond   Cty.   Sup.   Ct.   May   24,   2019),   *available   at* https://coc.augustaga.gov (follow "Civil Search" hyperlink; then search "Evans, Quint" last visited November 17, 2021, Attach. 3); (doc. no. 1, p. 3.)  An answer was filed on June 24, 2019.   (Attach. 3.)   The docket reflects Petitioner has moved to dismiss and quash the indictment for his 2018 case, sought appointment of counsel, and has written several letters to the state habeas court.  (See id.; doc. no. 1, pp. 16-19.)  On July 15, 2021, the state habeas court dismissed the motion to quash the indictment and motion for appointment of counsel. (Attach. 3.)

In his current federal petition, Petitioner raises multiple claims regarding the grand jury proceedings that resulted in his December 4, 2018 indictment.  (See doc. no. 1, pp. 16-19.)

II.    **DISCUSSION**

A.    **Petition Under § 2241 Versus § 2254**

Unlike his previous three petitions which used a form entitled "Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241", the form Petitioner uses in this filing is for habeas relief pursuant to 28 U.S.C. § 2254.  However, Petitioner is a pretrial detainee and not yet "in custody pursuant to the *judgment* of a State court."  28 U.S.C. § 2254 (emphasis added). Such a prisoner must file an application for a writ of habeas corpus governed by § 2241 alone, not   § 2254.   Medberry v. Crosby, 351 F.3d 1049, 1060 (11th Cir. 2003); See

Hiteshaw v. Butterfield, 262 F. App'x162, 164 (11th Cir. 2008) (pretrial detainee's habeas petition "should have been treated as a § 2241 petition.")

The Court may sometimes ignore the label a pro se litigant attaches to a motion and recharacterize that motion in order to "create a better correspondence between the substance of the motion and its underlying legal basis." Rameses v. U.S. Dist. Ct., 523 F. App'x 691, 694 (11th Cir. 2013) (citing Castro v. United States, 540 U.S. 375, 381 (2003)).  Because Petitioner is a pretrial detainee and presents similar arguments as his previous § 2241 petitions, the Court will recharacterize his § 2254 petition as such.  See Williams v. Deal, CV 419-121, 2019 WL 3059776, doc. nos. 5, 6, 7  (S.D. Ga. July 11, 2019) (recharacterizing a § 2254 petition as a § 2241 petition in line with Petitioner's three prior dismissed § 2241 petitions); King v. Fla., CV 220-544, 2020 WL 8768394, at *1 (M.D. Fla. Aug. 12, 2020) (recharacterizing pretrial detainee's § 2254 petition as a § 2241 petition.)

A Court should typically give the litigant a chance to respond to a potential recharacterization because the change might make it "significantly more difficult for that litigant to file another such motion" due to restrictions on successive petitions.  Castro 540 U.S. at 382; see also Retic v. United States, 215 F. App'x 962, 965 (11th Cir. 2007) ("The district court should also warn [Petitioner] of the consequences of recharacterizing his [motion]").  However, when dismissal is based on procedural grounds and not on the merits, a warning is unnecessary. See, e.g., Jones v. O'Neal, No. CV 412-303, 2012 WL 6084650, at *1 (S.D. Ga. Dec. 6, 2012) (Castro warnings do not apply if dismissal is for failure to exhaust), adopted by, 2013 WL 144938 (S.D. Ga. Jan. 11, 2013).  Because this petition will be dismissed without prejudice on procedural grounds, Petitioner will not be subject to the restrictions on successive petitions if he

4

chooses to file another petition upon exhaustion of state remedies.   Prior notification is unnecessary, and the Court will treat Petitioner's § 2254 petition as a § 2241 petition.

> **B.      Exhaustion**

As with his prior petitions, the instant petition should be dismissed because Petitioner has not exhausted state court remedies.   Although there is no exhaustion requirement in the language of 28 U.S.C. § 2241(c)(3), federal courts do not exercise jurisdiction under § 2241 if the issues raised might be resolved by trial on the merits or other available state procedures.   Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) (explaining exhaustion requirement in § 2241 case); Hughes v. Att'y Gen. of Fla., 377 F.3d 1258, 1262 n.4 (11th Cir. 2004) (noting applicability of exhaustion requirement to § 2241 petition challenging pretrial detention). "The exhaustion doctrine of § 2241(c)(3) was judicially crafted on federalism grounds to protect the state courts' opportunity to confront and resolve initially any constitutional issues arising within their jurisdiction and also to limit federal interference in the state adjudicatory process."   Turner v. Morgan, No. 3:12cv188/MCR/CJK, 2012 WL 2003835, at *2 (N.D. Fla. Apr. 25, 2012), *adopted by*, 2012 WL 2003452 (N.D. Fla. June 4, 2012) (citation omitted).   Put differently, the exhaustion doctrine prevents "pretrial habeas interference by federal courts in the normal functioning of a state's criminal processes, absent a petitioner's exhaustion of his state court remedies."   Id. (citing Braden v. 30th Judicial Cir. Ct. of Ky., 410 U.S. 484, 493 (1973)).

Nothing in Petitioner's filings suggests he has been prevented from asserting his current claims in his state court proceedings.   Indeed, Petitioner has a pending state habeas corpus petition.   (See Attach. 3.)   Georgia case law is clear that, subject to various state procedural requirements, the state habeas courts are available for Petitioner to raise claims concerning the

validity of his indictment.  See Henderson v. Hames, 697 S.E.2d 798, 801-03 (Ga. 2010); see also O.C.G.A. § 9-14-48(d) (describing procedural requirements for consideration of state habeas claims and setting out cause and prejudice, as well as miscarriage of justice, exceptions).

Moreover, on March 14, 2020, the Honorable Harold D. Melton, Chief Justice of the Supreme Court of Georgia, issued an Order Declaring Statewide Judicial Emergency pursuant to O.C.G.A. § 38-3-61 because of the COVID-19 pandemic.  Order *available at* https://gasupreme.us (follow hyperlink for Statewide Judicial Emergency, Original Order, last visited May 22, 2020).  That Statewide Judicial Emergency recently ended on June 30, 2021.  Id. (follow hyperlink for Statewide Judicial Emergency, Second Extension Order, last visited October 19, 2021).   Thus, delay in the 2018 criminal case and 2019 state habeas proceedings is not unusual in light of the emergency declaration and does not warrant disregarding the exhaustion doctrine.   Therefore, the Court concludes Petitioner has not satisfied the exhaustion requirement.

C.      **Younger Abstention**

The petition is also due to be dismissed because this Court should not interfere with Petitioner's ongoing state prosecution.  The Supreme Court has repeatedly ruled that "absent extraordinary circumstances federal courts should not enjoin pending state criminal prosecutions."  New Orleans Pub. Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 364 (1989) (citing Younger v. Harris, 401 U.S. 37 (1971)).  There are three exceptions to this rule that warrant federal court intervention:  "(1) there is evidence of state proceedings motivated by bad faith, (2) irreparable injury would occur, or (3) there is no adequate alternative state forum where the constitutional issues can be raised."  Turner, 2012 WL 2003835, at *2 (citing Younger, 401 U.S. at 45).

None of the three exceptions to the <u>Younger</u> doctrine apply to Petitioner's case. Although Petitioner claims he is the victim of bad faith prosecution, he fails to make "substantial allegations" with evidentiary support for his claims. <u>See</u> <u>Younger</u>, 401 U.S. at 48-49 (noting allegations in previously decided case granting injunction were "substantial" and explaining bad faith prosecutions are brought without an intention of obtaining a conviction or for harassment). Moreover, although Petitioner claims he "has discovered being irreparably harmed" because there is not proof a grand jury existed to issue his indictment, (doc. no. 1, p. 16), he has no viable allegation of irreparable injury. <u>See</u> <u>Younger</u>, 401 U.S. at 53-54 (finding irreparable injury if statute of prosecution is "flagrantly and patently violative of express constitutional prohibitions in every clause, sentence and paragraph, and in whatever manner and against whomever an effort might be made to apply it" or other unusual circumstances require equitable relief). Indeed, Petitioner provides no evidence to support his allegation the 2018 indictment was not properly returned by a duly empaneled grand jury.

Finally, Petitioner's ongoing state prosecution, wherein he is represented by an attorney, and state habeas proceeding provide adequate state forums where any constitutional issues can be raised. Therefore, the Court should abstain from reaching the merits of Petitioner's § 2241 petition.

### D.    Failure to Pay Filing Fee or File a New IFP Motion

When Petitioner filed the instant action, he did not submit supporting financial documentation with his motion to proceed *in forma pauperis* ("IFP"). (<u>See</u> doc. no. 2.) On October 20, 2021, the Court entered an order explaining Petitioner must either pay the $5.00 filing fee or submit a proper IFP motion, with supporting financial documentation, within

twenty-one days or his case would be dismissed.  (Doc. no. 3.)  On November 4, 2021, Petitioner filed a second motion to proceed IFP that once again did not include the required supporting financial documentation.  (Doc. no. 5.)  The time to respond to the Court's October 20th Order has expired, and Petitioner has not submitted the filing fee or a proper IFP motion with supporting documentation.

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (per curiam) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets.").  Moreover, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a litigant has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (per curiam) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)); see also Loc. R. 41.1(b) & (c) (Court may dismiss an action sua sponte for "[w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness.").

Here, Petitioner's failure to file a proper IFP motion with supporting documentation or pay the $5.00 filing fee evidences non-compliance with a court order and amounts to a failure to prosecute.  This is precisely the type of neglect contemplated by the Local Rules.  The Court cautioned Petitioner that a failure to respond would result in a recommendation for

dismissal.  Thus, in addition to the reasons described above, the case is subject to dismissal without prejudice for failure to comply with the Court's October 20th Order.

### E.        Motion to Appoint Counsel

There is no automatic constitutional right to counsel in habeas proceedings.  See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987); United States v. Webb, 565 F.3d 789, 794 (11th Cir. 2009) (citing Barbour v. Haley, 471 F.3d 1222, 1227 (11th Cir. 2006)); Hooks v. Wainwright, 775 F.2d 1433, 1438 (11th Cir. 1985).  Under 18 U.S.C. § 3006A(a)(2)(B), the Court may appoint counsel for an indigent litigant seeking relief under 28 U.S.C. § 2241 or § 2254, but such requests are discretionary when "due process or the 'interests of justice'" so require.  Hooks, 775 F.2d at 1438; Norris v. Wainwright, 588 F.2d 130, 133 (5th Cir. 1979).[2]   Moreover, appointment of counsel is "a privilege that is justified only by exceptional circumstances[.]"  McCall v. Cook, 495 F. App'x 29, 31 (11th Cir. 2012) (*per curiam*).  In sum, "[e]xcept in rare and extraordinary cases where due process principles of fundamental fairness would be violated if counsel is not appointed," there is no federal constitutional right to appointed counsel.  Donald E. Wilkes, Jr., Federal Postconviction Remedies and Relief Handbook § 2.2, at 191 (2017 ed.) (citations omitted).

The Court does not find any exceptional circumstances justifying the appointment of counsel.  See McCall, 495 F. App'x at 31.  Petitioner states "imprisonment will greatly limit his ability to litigate," but he has had no problem communicating with the Court, as evidenced by his multiple filings in this case and others.  Petitioner also does not identify any

---

[2]In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions that were handed down prior the close of business on September 30, 1981.

issues specific to his case he has been unable to present to the Court.  Any concerns about a potential trial are irrelevant in a federal Habeas proceeding.  Accordingly, the motion for appointment of counsel should be **DENIED**.  (Doc. no. 4.)

## III.   CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** the Motion for leave to proceed IFP be **DENIED**, (doc. no. 5), the motion to appoint counsel be **DENIED**, (doc. no. 4), this case be **DISMISSED** without prejudice, and this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED  this 2nd day of December, 2021, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA